NO. 07-11-00135-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 8, 2011

ERON NEMIQUE KINLEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,788-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Eron Nemique Kinley, on March 28, 2011, filed notice of appeal from a conviction and sentence. Although the clerk's record has not been filed, we were provided a copy of appellant's certification of right of appeal. The document was signed by the trial court, appellant, and appellant's counsel. According to the certification, the case "is not a plea-bargain case, and [appellant] has the right of appeal," and appellant "has waived the right of appeal."

Under Rule of Appellate Procedure 25.2(d), appellant cannot at the same time have the right of appeal and have waived that right.  Tex. R. App. P. 25.2(d). The certification provided us is thus defective.  Tex. R. App. P. 37.1.  Accordingly, we abate the appeal and remand the cause to the 108th Judicial District Court of Potter County for further proceedings.  On remand, the trial court shall utilize whatever means it finds necessary to secure and file with this court a certification of appellant's right of appeal that complies with Rule 25.2(d).  Tex. R. App. P. 25.2(d); 37.1.

If necessary, the trial court shall execute findings of fact and conclusions of law, and render any necessary orders regarding the aforementioned issues.  It shall cause its findings and conclusions, orders, if any, and a proper certification of right to appeal to be included in a supplemental clerk's record.  Any hearing of the matter shall be recorded and included in a supplemental reporter's record.  The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the clerk of this court by May 9, 2011.

It is so ordered.

Per Curiam

Do not publish.

2